UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| MIGUEL ANGEL OSUNA-ZAVALA, | Case No. 1:16-CV-00338-EJL |
| Petitioner, | 1:15-CR-00075-EJL |
| v. | **MEMORNADUM DECISION AND ORDER** |
| UNITED STATES OF AMERICA, | |
| Respondent. | |

## INTRODUCTION

Before the Court in the above-entitled matter is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (CV Dkt. 1.)[1] The Government has filed a Motion to Dismiss to which the Petitioner has responded. (CV Dkt. 3, 5.) Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding further delay, and because the Court conclusively finds that the decisional process would not be significantly aided by oral argument, the Motion shall be decided on the record before this Court without oral argument.

---

[1] In this Order, the Court will use (CR Dkt.  ) when citing to the criminal case (1:15-cr-0075-EJL) and (CV Dkt.  ) when citing to the civil case (1:16-cv-00338-EJL).

MEMORANDUM DECISION AND ORDER - 1

## BACKGROUND

On September 9, 2015, Petitioner, Miguel Angel Osuna-Zavala, plead guilty to Possession of a Firearm in Furtherance of a Drug Trafficking Offense in violation of 18 U.S.C. § 924(c)(1)(A) and Conspiracy to Possess a Controlled Substance with Intent to Distribute in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); and 846. (CR Dkt. 24.) This Court sentenced Mr. Osuna-Zavala on December 7, 2015 to 24 months on the drug charge and 60 months on the firearms charge to run consecutively for a total term of 84 months imprisonment to be followed by a term of supervised release. (CR Dkt. 51, 52.) No appeal was filed.[2]

On July 22, 2016, Mr. Osuna-Zavala filed the instant § 2255 Motion seeking to correct his sentence in light of the Supreme Court's decision in *Johnson v. United States*, 135 S.Ct. 2251 (2015). (CR Dkt. 59) (CV Dkt. 1.) The Government has filed a Motion to Dismiss arguing *Johnson* does not apply to Mr. Osuna-Zavala's case. (CV Dkt. 3.) Mr. Osuna-Zavala has filed an Answer in Support of his § 2255 Motion asserting his offense does not qualify as a "violent felony" because he did not "use" the firearm. (CV Dkt. 5.)

## DISCUSSION

Under 28 U.S.C. § 2255, a federal prisoner in custody under sentence may move the court that imposed the sentence to vacate, set aside, or correct the sentence on the ground that:

---

[2] Mr. Osuna-Zavala filed a Motion for Reduction of Sentence which was denied. (CR Dkt. 56, 62.)

MEMORANDUM DECISION AND ORDER - 2

> [T]he sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack....

28 U.S.C. § 2255.

The Supreme Court in *Johnson* held that the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), which imposes a minimum 15 year sentence for individuals who had three or more prior convictions for a "violent felony," to be unconstitutionally vague and violated due process. *See Johnson*, 135 S.Ct. at 2557-60. The "residual clause" defined "violent felony" to include a felony that "involves conduct that presents a serious potential physical risk of physical injury to another." *See id.*

In this case, Mr. Osuna-Zavala was subject to an increased penalty pursuant to 18 U.S.C. § 924(c)(1)(A) and (2) because he possessed a firearm in furtherance of a drug trafficking offense. The "crime of violence" subsection, 18 U.S.C. § 924(c)(3), and its residual clause did not apply. Therefore, the *Johnson* decision does not apply here and Mr. Osuna-Zavala is not entitled to relief on his § 2255 Motion. *See United States v. Gibson*, Cr. No. 3:09-931-CMC, 2016 WL 4196657, at *2 (D.S.C. Aug. 9, 2016); *Eldridge v. United States*, No. 16-cv-3173, 2016 WL 4062858, at *3 (C.D. Ill. July 29, 2016). For this same reason, that he was not sentenced under the "crime of violence" subsection of § 924(c), Petitioner's argument that his offense does not qualify as a "violent felony" because he did not "use" the firearm also fails. (CV Dkt. 5.) The Government's Motion to Dismiss is granted. (CV Dkt. 3.)

MEMORANDUM DECISION AND ORDER - 3

The Court also denies issuance of a certificate of appealability (COA). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, Mr. Osuna-Zavala has not shown the deprivation of any constitutional right as no reasonable jurist would disagree that *Johnson* does not apply to this case.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED as follows:

1. The Government's Motion to Dismiss (CV Dkt. 3) is **GRANTED**.

2. Petitioner's § 2255 Motion to Vacate, Correct, or Set Aside his Sentence (CR Dkt. 59) (CV Dkt. 1) is **DENIED**.

3. Certificate of Appealability is **DENIED**.

Dated: **October 21, 2016**

Honorable Edward J. Lodge
United States District Judge

MEMORANDUM DECISION AND ORDER - 4